# Exhibit D

006030001 GOODEN B

610 066189084 LMA 001 001

# THIS LOAN IS NOT ASSUMABLE WITHOUT THE APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT, SUCCESSORS OR ASSIGNS

MODIFICATION AGREEMENT

STATE OF GEORGIA Loan No. [redacted]

County of Fulton

This AGREEMENT, made and entered into this Thursday, July 01, 2004 between Bridgette Gooden, as party of the first part, and The Secretary of Veterans Affairs, an Officer of the United States of America, successors or assigns, c/o Director, Department of Veterans Affairs, Regional Loan Center, P. O. Box 100023, Decatur, Georgia 30031-7023, as party of the second part;

WITNESSETH that: WHEREAS, on January 3, 1996, Bridgette Gooden executed to Bank of United of Texas FSB a Security Deed Note in the principal sum of $97,410.00 bearing interest from date at the rate of Seven and one-half percent (7.500%) per annum, and payable monthly at the rate of 681.11 until said principal and interest are fully paid except that, if not sooner paid, the final payment and interest would be due and payable on February 1, 2026 and WHEREAS, on January 3, 1996, Bridgette Gooden executed a Security Deed in favor of Bank of United of Texas FSB recorded in Book 20478, Page 321, Fulton

County Records whereby conveyed a certain interest in real estate located at 4585 Spring Valley Parkway, College Park, Fulton County, GEORGIA to secure the above-referenced Note, and

WHEREAS, said Security Deedand Note were subsequently transferred and assigned from Chase Manhattan Mortgage Corporation to the Secretary of Veterans Affairs, by virtue of an Assignment dated May 24, 2004 (said Assignment to be recorded), and whereas the Secretary of Veterans Affairs is now the present holder of said Security Deed and Note, and, WHEREAS, the unpaid principal balance and accrued interest of said loan as of June 1, 2004 is $119,200.51, and the party of the first part has requested the party of the second part to reamortize said unpaid balance within its original Maturity Date by changing the monthly installments on said loan from 681.11 (principal and interest) to $686.19 (principal and interest).

NOW, Therefore, the premises considered, it is understood and agreed between the parties hereto, that for and in consideration of the foregoing premises and other good and valuable consideration, the receipt of which is hereby acknowledged, that the unpaid balance of said loan in the amount of $119,200.51 including interest thereon at the rate of four percent (4.00%) per annum, shall be paid by the party of the first part in monthly installments of $686.19 (principal and interest), commencing on July 1, 2004 and continuing on the 1st day of each month thereafter until said sum with interest thereon is fully paid, except that, if not sooner paid, the final payment of principal and interest shall be due and payable on February 1, 2026. In addition to the monthly installments of principal and interest, party of the first part agrees to make monthly payments to cover taxes and insurance on said property (as agreed in the Security Deed hereinbefore referred to), the approximate amount of such additional monthly payment being at this time $182.81 thereby making the total monthly installment as of July 1, 2004 the sum of $869.00.

IT IS FURTHER UNDERSTOOD and agreed between the parties hereto that this instrument shall in no way whatsoever be construed or interpreted to release the security given for the above-mentioned indebtedness (said security being described in the above-referencedSecurity Deed) and it is specifically understood and agreed that the above-mentioned Security Deed (executed simultaneously with the above-mentioned Security Deed Note) securing payment of the obligation evidenced by said Note shall continue in full force and effect so as to secure the balance due on the indebtedness evidenced by said Note. It is further agreed between the parties that this Agreement shall have taken effect as of June 1, 2004.

THIS LOAN may be declared immediately due and payable upon transfer of the property securing such loan to any transferee, unless the acceptability of the assumption of the loan is established either pursuant to the provisions of section 3714 of chapter 37, United States Code, or by the loan holder if the loan has been sold without recourse.

IN WITNESS WHEREOF, party of the first part has caused this instrument to be signed and sealed in his name on the day and year first hereinbefore written, and party of the second party has caused this instrument to be signed and sealed in his name and on his behalf by the undersigned Loan Guaranty Officer on the day and year first hereinbefore written.

Signed, sealed and delivered by party of the first part in the presence of:

_Bridgette Gooden_ (Seal)
Bridgette Gooden

______________________ (Seal)

______________________
Witness 1

_James P. Hodges_
Witness 2 (Notary)

STATE OF GEORGIA

County of Fulton

PERSONALLY appeared before me the undersigned witness and made oath that she saw the with-in named Bridgette Gooden , and as her act and deed deliver the within-written Modification Agreement for the purpose therein mentioned, and that she with the other witness witnessed the due execution thereof.

SWORN to and subscribed before me
this _1_ day of _July_, 200_4_.

_James P. Hodges_ (SEAL)
Notary Public for
(My Commission Expires: ____________.)

______________________
Witness 1

JAMES P. HODGES
NOTARY PUBLIC
Cobb County
State of Georgia
My Comm. Expires Mar. 25, 2008

Witness 1

Witness 2

Secretary of Veterans Affairs,
Officer of the United States,
successors or assigns, c/o Director,
Department of Veterans Affairs,
Regional Loan Center, P.O. Box 100023,
Decatur, Georgia 30031-7023

**SWORN** to and subscribed before me
this 11 day of August, 2004

Notary Public for STATE OF GEORGIA
(My Commission Expires: )

JAMES P. HODGES
NOTARY PUBLIC
Cobb County
State of Georgia
My Comm. Expires Mar. 25, 2008

BY: ______________ (Seal)
Thomas H. Buffton, Jr.
Loan Guaranty Officer