# Exhibit F

FULTON COUNTY

**FULTON COUNTY OFFICE OF HOUSING REHABILITATION PROGRAM**

**Security Deed**

**STATE OF GEORGIA, COUNTY OF FULTON**

This Security Deed (hereinafter referred to as the "Deed") made on or as of the **25th** day of **January 2005**, between **Bridgette Gooden** (hereinafter called, and if more than one party, jointly and severally called "Grantor"), residing at **4585 Spring Valley Parkway, College Park, GA. 30349** in the County of Fulton and the State of Georgia, and FULTON COUNTY GOVERNMENT, a political subdivision in the State of Georgia (hereinafter called "Grantee"), whose address is: 115 Martin Luther King Jr., Dr., suite 275, Atlanta, GA 30303.

**W I T N E S S E T H :**

Grantor, for and in consideration of the loan evidenced by the promissory note hereinafter referred to and for other valuable considerations, has granted, bargained, sold and conveyed and by these presents does grant, bargain, sell and convey unto Grantee the following described property:

**ALL** those tracts or parcels of land with the buildings and improvements thereon situated, lying and being in Land Lot_________of______ District,____ Section of Fulton County, Georgia, as more particularly bounded and described in Exhibit "A" attached hereto.

**TOGETHER** with all right, title and interest of the Grantor in and to all streets, roads and public places, opened or proposed, in front of and adjoining the said premises, and all easements and rights of way, public or private, now or hereafter used in connection with said premises;

**TOGETHER** with all buildings, structures and other improvements now or hereafter located on the above described real property, or any part of parcel thereof;

**TOGETHER** with all and singular the tenements, hereditament, easements and appurtenances thereunto belonging or in any wise appertaining;

**TOGETHER** with all machinery, apparatus, equipment, fittings and fixtures now or hereafter erected or placed in or upon said real property or any improvements thereon now or hereafter attached to or used in connection with said real property and all replacements thereof, whether or not the same have or would become part of said real property by attachment thereto;

**TOGETHER** with all awards heretofore and hereafter made by reason of the taking by eminent domain of the whole or any part of said premises or of any right appurtenant thereto, including any awards or payments for use and occupation and for change of grade of streets, which awards are hereby assigned to the Grantee and the Grantor will execute and deliver to the Grantee on demand such assignments and other instruments as the Grantee may require for such purposes and will reimburse the Grantee for its costs (including reasonable attorneys' fees) in the collection of such awards.

Deed Book 42174 Pg 154
Filed and Recorded Mar-21-2006 01:13pm
2006-0084302
Georgia Intangible Tax Paid $0.00
Juanita Hicks
Clerk of Superior Court
Fulton County, Georgia

**TO HAVE AND TO HOLD** the said bargained property (all of which is collectively referred to herein as the "Property") unto Grantee forever in FEE SIMPLE subject only to the first lien for loan granted by one hereinafter termed Lender.

This Deed is intended to secure the payment of a debt in the sum of Sixty Seven ~~**FORTY NINE**~~ **THOUSAND** Three ~~**NINE**~~ **HUNDRED** Twenty ~~**EIGHT**~~ **DOLLARS AND 00/100 (**$ 67,320.00 ~~**$ 49,908.00**~~**)** with interest as evidence by one certain promissory note even date herewith, executed and delivered by Grantor to Grantee (the "Note") which has a final maturity on or before **January 1, 2010** and all other sums payable to Grantee under the Note and hereunder together with all renewals, extensions and modifications of the Note or the debt evidenced thereby.

As further security for the debt secured hereby, Grantor hereby sells, assigns, sets over and transfers to Grantee all of the rents, issues, and profits which shall hereafter become due or be paid for the use of the premises, reserving only the right to Grantor to collect said rents so long as there is no default in the obligations of Grantor under this Deed or in payment of the debt secured hereby.

Grantor covenants that Grantor is lawfully seized, of the estate hereby conveyed and has the right to grant, sell, and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Grantor warrants the title to the Property generally and will defend the title against all claims and demands, subject to encumbrances of record.

**GRANTOR FURTHER COVENANTS AND AGREES WITH GRANTEE AS FOLLOWS:**

1. Payment. Grantor will pay when due all sums secured hereby.

2. Prior Security Interests; Charges; and liens. Grantor shall perform all of Grantor's obligations under any security deed, mortgage, deed of trust, or other security instrument which conveys an interest in or creates a lien on the Property which has priority over that conveyed by this Deed. Such obligations shall include Grantor's covenants to make payments when due. Grantor shall immediately pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed.

3. Hazard Insurance. Grantor shall keep the buildings and improvements now existing or hereafter erected on the Property and all personal property covered by this Deed insured against loss and damage fire, by hazards included within the term "extended coverage", and by such other hazards as Grantee may require and in such amounts and for such periods as Grantee may require, but in no event less than the amount of the Note. ***The Grantee must be added as a lien holder on Insurance Policy.***

   The insurance carrier providing the insurance shall be chosen by Grantor subject to approval by Grantee; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form satisfactory to Grantee. Grantee shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed or other instrument which has priority over this Deed.

   In the event of loss, Grantor shall give prompt notice to the insurance carrier and to Grantee. Grantee may make proof of loss if not made promptly by Grantor.

Deed Book 42174 Pg 155

If the Property is abandoned by Grantor, or if Grantor fails to respond to Grantee within thirty (30) days from the date notice is mailed by Grantee to Grantor that the insurance carrier offers to settle a claim for insurance benefits, Grantee is authorized to collect and apply the insurance proceeds at Grantee's option either to restoration or repair of the Property or to the sums secured by this Deed.

4. Grantor Not to Permit Destruction or Abandonment. Grantor will not cause or permit any building or improvements upon the property to be removed, demolished or structurally altered, in whole or in part, or any fixture or article of personal property covered by this Deed to be removed or destroyed, without the prior written consent of Grantee, unless such fixtures and articles of personal property are replaced by fixtures or personal property of like kind and quality. Grantor will not abandon the Property or cause or permit any waste to the buildings, improvements, fixtures or articles of personal property covered by this Deed and will at all times maintain them in a reasonably good condition, and will comply, and cause all occupants of said Property to comply, with all laws and ordinances relating to the maintenance or use of the Property issued by an governmental department.

5. Protection of Grantor's Security. Grantor will, before the same become delinquent, pay or cause to be paid all taxes, assessments, water and sewer rents, excises, levies license fees and other charges which may be assessed or become liens on the Property and the articles of personal property covered by this Deed. Grantor will exhibit to Grantee within ten (10) days after demand receipted bills or satisfactory proofs of such payments. If Grantor fails to make such payments or fails to perform the covenants and agreements contained in this Deed, or if any action or processing is commenced which materially affects Grantee's interest in the Property, then Grantee, at Grantee's option, upon notice to Grantor, may make such appearances, disburse such funds, including reasonable attorney's fees, and take such action as is necessary to protect Grantee's interest. If Grantee requires title insurance as a condition of making the loan secured by this Deed, Grantor shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Grantor's and Grantee's written agreement or applicable law.

Any amounts disbursed pursuant to this paragraph 5 shall become additional indebtedness of Grantor secured by this Deed. Unless Grantor and Grantee agree to other terms of payment, such amounts shall be payable upon notice form Grantee to Grantor requesting payment thereof. Nothing contained in this paragraph 5 shall require Grantee to incur any expense or take any action hereunder.

6. Inspection. Grantee may make or cause to be made reasonable entries upon and inspections of the Property, provided that Grantee shall give Grantor notice prior to any such inspection specifying reasonable cause therefor related to Grantee's interest in the Property.

7. Recipient Not Released. Modification of amortization of sums secured by this Deed granted by Grantee to any successor in interest of Grantor shall not operate to release, in any manner, the liability of the original Grantor and Grantor's successors in interest. Grantee shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Grantor and Grantor's successors in interest.

Deed Book 42174 Pg 156

8. Successors and Assigns Bound; Joint and Several Liability; Co-signers. The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Grantor and Grantee, subject to the provisions of paragraph 13 hereof. All covenants and agreements of Grantor shall be joint and several. Any Grantor who co-signs this Deed, but does not execute the Note, (a) is co-signing this Property to Grantee under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Grantee and any other Grantor hereunder may agree to extend, modify, forebear, or make any other accommodations with regard to the terms of this Deed or the Note without that Grantor's consent and without releasing that Grantor or modifying this Deed as to that Grantor's interest in the Property.

9. Notices. Notices, demands, or requests made hereunder shall be made in writing by postage prepaid, United States certified or registered mail, return receipt requested to Grantor or Grantee, as the case may be, at the address first set forth herein, or at such other addresses as may be designated by notice given in the aforesaid manner.

10. Governing Law; Severability. This instrument is a deed conveying title to the premises, and not a mortgage creating a lien, only, is made under the provisions of the existing laws of the State of Georgia and County of Fulton relating to deeds to secure debt, and is intended to constitute a security agreement under the Uniform Commercial Code of Georgia. This instrument shall be construed in accordance with the laws of the State of Georgia. In the event that any provision or clause of this Deed or Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provisions, and, to this end, the provisions of this Deed and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

11. Grantor's Copy. Grantor shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

12. Rehabilitation Agreement. Grantor shall fulfill all of Grantor's obligations under any home rehabilitation, improvement, repair, or other agreement which Grantor enters into with Grantee. Said agreement is attached hereto as Exhibit "B" and incorporated by reference herein. Grantee at Grantee's option may require Grantor to execute and deliver to Grantee, in a form acceptable to Grantee, and assignment of rights, claims or defenses which Grantor may have against parties who supply labor, materials or services in connection with improvements made to the Property.

13. Transfer of the Property. If Grantor sells or transfers the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, or (c) the grant of any leasehold interest of all, three years or less, not containing an option to purchase, Grantor shall cause to be submitted information required by Grantee to evaluate the transferee as if a new grant were being made to the transferee. Grantor will no longer continue to be obligated under the Note and this Deed in the event of a sale or transfer of the Property, if such sale or transfer has previously been approved and accepted by Grantee. If Grantee, on the basis of any information obtained regarding the transferee, reasonably determines that Grantee's security may be impaired, or that there is an unacceptable likelihood of a breach of any covenant or agreement in this Deed, or if any information required hereunder is not

Deed Book 42174 Pg 157

timely submitted, Grantee may declare all of the sums secured by this Deed to be immediately due a[illegible] payable. If Grantee exercises such op[illegible] to accelerate, Grantee shall mail Grantor notice of acceleration in accordance with paragraph 9 hereof. Such notice shall provide a period of not less than thirty (30) days from the date this notice is mailed or delivered within which Grantor may pay the sums declared due. If Grantor fails to pay such sums prior to the expiration of such period, Grantee may, without further notice or demand on Grantor, invoke any remedies permitted by paragraph 15 hereof.

14. Acceleration; Remedies. Except as provided in paragraph 13 hereof, upon an Event of Default (as defined below) which is not cured within ten (10) days after written notice to Grantor thereof as provided below, Grantee, at Grantee's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may exercise the right of non-judicial foreclosure granted hereunder. Upon occurrence of an Event of Default and failure to cure, Grantor shall, on demand, surrender possession of the Property to Grantee and hereby consents that, at any time after such demand, Grantee may enter upon the Property, let the same, collect all rents therefor and apply the rents, after payment of all charges and expenses, on account of the debt secured hereby, whether then mature or not; and said rents and all leases existing at the time of such default are, in the event of such default, hereby assigned as further security for the payment of said debt to Grantee, which by virtue of such right to possession and as attorney-in-fact of Grantor may dispossess, by summary proceedings or otherwise, any tenants of said Property then or thereafter in default in the payment of any rent, and Grantor hereby irrevocably appoints Grantee attorney-in-fact of Grantor for such purpose. In the event that Grantor is an occupant of the Property, Grantor agrees to surrender the possession of the Property to Grantee immediately upon default hereunder upon demand by Grantee and if Grantor remains in possession after such demand, such possession shall be as tenant of Grantee and Grantor agrees to pay monthly in advance to Grantee such rent for the Property so occupied as Grantee may demand, and in default of said doing, Grantor may also be dispossessed by summary proceedings or otherwise. In case of the appointment of a receiver of rents and profits of said Property, the covenants of this paragraph may be enforced by said receiver. Nothing herein shall be construed to obligate Grantee to discharge or perform the duties of a landlord to any tenant or to impose any liability upon Grantee as the result of its rights under this Deed and Grantee shall be liable to account only for rents received.

15. Events of Default. "Event of Default" as used herein shall include: (a) the breach of any covenant under this Deed: and (b) any default under the Note secured hereby. Prior to exercising the remedies provided in paragraph 14 above, Grantee shall give notice to Grantor as provided in paragraph 9 hereof specifying: (a) the event of default; (b) the action required to cure such event or default; (c) the date, not less than ten (10) days from the date the notice is mailed to Grantor, by which such breach must be cured; and (d) that failure to cure such Event of Default on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, foreclosure by non-judicial process, and sale of the Property. If any action or proceeding be commenced by or against Grantee affecting the Note, the debt secured hereby, or the validity or priority of this Deed, or if the Property is offered for sale by virtue of the exercise of the powers herein granted, Grantee may appear, defend, prosecute, retain counsel and take such action as Grantee shall deem advisable, and the costs thereof (including attorneys' fees

Deed Book 42174 Pg 158

and applicable statutory costs, allowances and disbursements) together with interest thereon at a rate of fifteen percent (15%) per annum, shall be paid by Grantor to Grantee on demand and shall be secured by this period.

16. Subrogation. Grantee shall be subrogated to any encumbrance, lien, claim or demand (including all the rights therein and securities for the payment thereof) paid or discharged with proceeds of the indebtedness secured hereby, or by Grantee under the provisions hereof.

17. Right of Non-Judicial Foreclosure. Upon maturity of the debt secured hereby, whether by acceleration or otherwise, Grantee may sell the Property at auction at the usual place for conducting sales at the Fulton County Courthouse, to the highest bidder for cash, after advertising the tie, terms and place of such sale once a week for four (4) weeks immediately preceding such sale (but without regard to the number of days intervening between the date of publication of the first advertisement and the date of sale) in the newspaper in which the Sheriff's advertisements for Fulton County are then being published and giving Grantor at least four weeks' notice of such sale, all other notice being hereby waived by Grantor. Such four weeks' notice to Grantor is not intended to extend any notice and curing period otherwise provided herein but is only notice of the exercise of the remedy herein provided for after such notice and curing periods have expired. Grantee, its agents, representatives, successors or assigns, may bid and purchase at such sale. Grantee may thereupon execute and deliver to the purchaser at such sale a conveyance of the Property in fee simple, which conveyance shall contain recitals as to the Event of Default upon which the execution of the power of sale herein granted depends, and Grantor hereby constitutes and appoints Grantee the true and lawful attorney-in-fact of Grantor to make such recitals, sale and conveyance, and all of the acts of Grantee as such attorney-in-fact are hereby ratified and confirmed. Grantor agrees that such recital shall be binding and conclusive upon Grantor and that the conveyance to be made by Grantee shall divest Grantor of all right, title, interest, equity and right of redemption, including any statutory redemption, in and to the premises. Grantee shall collect the proceeds of such sale, and after reserving therefrom the entire debt secured by this instrument (including attorneys' fees as provided herein) and by any prior liens, together with and all costs and expenses of such sale, shall pay any surplus to Grantor, all as provided by law. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are in addition to any and all other remedies which Grantee may have hereunder, at law or in equity.

18. Tenants. So long as the debt secured hereby or any part thereof remains unpaid, Grantor agrees that possession of the Property by Grantor, or any person claiming under Grantor shall be as tenant under Grantee, and in case of a sale under power as provided in this Deed, Grantor and any person in possession under Grantor, shall, at the option of the purchaser at such sale, then become and be tenants holding over, and shall forthwith deliver possession to such purchaser, or be summarily dispossessed in accordance with the laws applicable to tenants holding over.

19. Forbearance by Grantee Not a Waiver. No failure of Grantee to require strict performance at any time of any of the exercise the option herein granted to accelerate the maturity of the debt secured hereby, nor any forbearance by Grantee before or after the exercise of such option, nor any withdrawal or abandonment by Grantee of any exercise of the power, of sale herein granted or any of its rights under such power, shall be construed as a waiver or any option, power, or right of Grantee hereunder. The rights and remedies of Grantee, expressed or contained in this Deed, are cumulative and no one

Deed Book 42174 Pg 159

of them shall be deemed to be exclusive of the others or of any right or remedy Grantee may now or hereafter have in law or equity. The covenants of this Deed shall run with the land and bind Grantor, the assigns, distributee, legal representatives, successors and heirs of Grantor, and all the Property shall inure to the benefit of Grantee, the successors and assigns of Grantee and all subsequent holders of this Deed.

20. Definitions. Whenever and wherever herein the singular number is used, it shall include the plural and vice versa as the context may require and the pronouns "he" or "it" referring to Grantor will also include "he", "she", "they", or "it", as the context requires, and if there shall be more than one person herein before described as Grantor, the promises and covenants herein made and contained shall be deemed to be made by said persons jointly and severally, and each shall be jointly and severally liable thereon. The terms "Grantor" and "Grantee" shall include the named Grantor and the named Grantee and their respective heirs, legal representatives, successors and assigns.

21. Entire Agreement. This agreement represents the entire agreement between the parties and no alteration or amendment thereof shall be effective unless in writing and signed by the parties sought to be charged or bound thereby, and each and every portion of this Deed shall apply to and bind the respective distributee, legal representatives, successors and assigns of the parties hereto.

22. Mechanic's Liens. In the event a mechanic or materialman's lien is filed against the Property, Grantor agrees to remove the same by payment, bonding or other appropriate measure in order to release the lien thereof from the secured premises and upon failure so to do within thirty (30) days after notice by Grantee, the same shall constitute an Event of Default hereunder giving to Grantee the right to declare the obligations secured by this Deed immediately due and payable and thereafter to avail itself of all rights hereunder to collect the same, including the right of foreclosure.

**IN WITNESS WHEREOF**, this Deed has been executed by Grantor under seal the day and year first above written.

GRANTOR:

[signature] 1/25/05

**(Homeowner)** Date

Signed, sealed, and delivered in the presence of:

[signature] [signature]

Notary Public Senior Inspector

NOTARY PUBLIC, GEORGIA MY COMMISSION EXPIRES AUG. 22, 2008

Seal NOTARY PUBLIC

Deed Book 42174 Pg 160

**FULTON COUNTY OFFICE OF HOUSING REHABILITATION PROGRAM**
**REHABILITATION CONTRACT**

This agreement is made and entered into this **25th** day of **January 2005**, by and between **Robert Mitchell/dba A.T.M Construction** (hereinafter referred to as "Contractor"), Fulton County, Georgia (hereinafter referred to as "County"), and the Community Housing Development Corporation (hereinafter referred to as "CHDC") in the amount of 62,320.⁰⁰ ~~$ 49,908.00~~ For housing rehabilitation services of property located at **4585 Spring Valley Parkway, College Park, GA. 30349** as specified by the County's Work Write-Up (hereinafter referred to as "Rehabilitation Project").

This Contract shall not become binding upon the parties referenced herein until said parties have properly executed this agreement.

In consideration of the mutual covenants and agreements contained herein, the undersigned parties agree to the following provisions:

I. GENERAL PROVISIONS:

A. This Contract embodies all the representations, rights, duties and obligations of the parties. Any prior oral or written agreements not embodied herein shall not be binding or inure to the benefit of the parties.

B. The parties state that, to the best of their knowledge and belief, no member of the County, or its officers, employees or agents, who exercise any functions or responsibilities in connection with the completion of the Rehabilitation Project, has any personal interest, direct or indirect, in this Contract.

C. The parties to this Contract hereby acknowledge and agree to comply with the following documents, all of which are made a part hereof by reference:

1. Fulton County Housing Rehabilitation Program Policies and Procedures, and Standard Specifications.

2. Contractor's Bid Proposal/ Homeowner's Proposal Acceptance.

3. Federal Lead Base Paint Notification.

D. The Contractor agrees that before he/she may begin work on the Rehabilitation Project, the County and CHDC must provide written approval of all grants or loans subject thereto.

E. The parties hereto acknowledge and agree that neither the County nor CHDC guarantees, insures or is any other manner responsible for the work to be completed in the Rehabilitation Project. The Contractor(s) acknowledges that he/she shall have no claim, cause of action of any type or kind against the County, CHDC, their officers, employees or agents, arising as a result of this Contract, including, but not limited to, the improvements or work performed by the Contractors and and /or Subcontractors on the subject property.

Deed Book 42174 Pg 161

F. This agreement shall be construed in accordance with and enforced under the laws of the State of Georgia.

II. PROVISIONS FOR THE CONTRACTOR:

A. The Contractor agrees to furnish all labor, materials, supervision, and services to perform work as specified in the County's Work Write-Up.

B. The Contractor shall begin work only after receiving the written Notice to Proceed from the County.

C. The Contractor shall comply with the Standard Specifications for Residential Rehabilitation by the County, the Bid Manual, and Program Procedures of the Fulton County Housing Rehabilitation Program, and all rules, regulations, ordinance, and laws of the County, State of Georgia, and the Federal Government.

D. The Contractor shall promptly secure all necessary permits, inspections and approvals required for completing the Rehabilitation Project, and allow reasonable inspections of all work by authorized inspectors and officials of all applicable governmental municipalities.

E. The Contractor shall certify that all sub-contractors have been paid for services and materials prior to receipt of a final Payment.

F. The Contractor shall maintain insurance as follows:
1. General Liability:
I. Bodily Injury, including death, $1,000,000.00 each occurrence and aggregate limits of $2,000,000.00.
2. Workman's Compensation:
I. Bodily Injury each Accident $100,000.00, injury by Disease (each employee) $100,000.00, Bodily injury by Disease - $500,000.00 policy limits.

G. The Changes to the Bid or Proposal shall be prohibited without a written "Change Order" issued by the CHDC and County.

H. The Contractor shall name the County, CHDC, and Homeowner as additional insured and provide appropriate "Certificates of Insurance" indicating the required limits of coverage and name of insurance carrier. (The insurance carrier must have a minimum rating of an A with AM Best.

I. The Contractor shall abide by Federal Regulations prohibiting the use of lead-base Paint.

J. The Contractor shall abide by the Civil Rights Act as amended to date in the performance of the work authorized by this Contract.

K. The Contractor shall satisfactorily complete the work within 45 working days from the date of the Notice To Proceed. Liquidated Damages in the amount of **$250.00** per day will be assessed for each day beyond the completion date, unless the County and /or CHDC provide an extension in writing prior to the scheduled completion date.

Deed Book 42174 Pg 162

L. The Contractor shall indemnify and hold harmless the County, CHDC, its officers, employees, agents, successors, and /or assigns from any and all claims, costs, and / or liability in connection with this Contract, the Rehabilitation Project, and the Contractors performance therein.

M. The Contractor shall indemnify and hold harmless the County, CHDC, the homeowner, their officers, employees, agents, successors, and /or assigns from any and all claims, costs, and / or liability in connection with the payment to or performance of any subcontractor performing services pursuant to the Rehabilitation Project and this Contract.

N. Contractor agrees to pay or bond off any material man or mechanics liens filed against the Property within five (5) days of receipt of notice of the filing of such liens, and to indemnify and hold harmless the County, CHDC, the homeowner, their officers, employees, agents, successors, and /or assigns against any cost, loss or damage caused by any such liens.

THIS CONTRACT AND ALL EXHIBITS HEREIN ARE APPROVED AND ACCEPTED AS OF THE ABOVE WRITTEN DATE.

IN WITNESS WHEREOF, the parties to this Agreement have executed the same in triplicate, each of which shall be deemed originals, as of the above written date.

Contractor/ATM Constructors, Inc.

Benny Crane, CHDC Board President

Camilla J. Moore, Director, Fulton County Office of Housing

Yolanda Williams-Favors, Counsel, CHDC

Signed, sealed and delivered in the presence of:

Notary Public

NOTARY PUBLIC, FAYETTE COUNTY, GEORGIA
MY COMMISSION EXPIRES AUG. 22, 2006

Deed Book 42174 Pg 163